[Dkt. No. 3]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 20-196 (RMB) |
| | : | |
| NAHEEM CLARK | : | **OPINION** |

This matter comes before the Court on Defendant Naheem Clark's Motion to Terminate Supervised Release [Dkt. No. 3]. For the reasons that follow, Defendant's Motion will be **DENIED**.

On May 11, 2010, Defendant Naheem Clark pled guilty in the Southern District of New York to an Information charging him with participation in a drug trafficking conspiracy, in violation of 21 U.S.C. § 346, and unlawful possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On August 19, 2011, Defendant was sentenced to imprisonment for a term of 40 months and supervised release for a term of ten years.

On September 19, 2014, Defendant pled guilty in the sentencing court to violating the terms of his supervised release by committing a state crime (i.e. unlawful possession of narcotics), and was sentenced to imprisonment for a term of 46 months and supervised release for a term of five years.

On April 14, 2016, Defendant was released from prison and began his new term of supervised release. On February 25, 2020, jurisdiction over Defendant's supervised release was transferred to the District of New Jersey. On May 28, 2020, Defendant filed the instant motion, seeking early termination of his supervised release, which is scheduled to expire in April 2021.

Defendant argues that he has complied with the conditions of supervised release, has made progress in terms of self-improvement and career prospects, and poses no risk to victims or the public at large. Defendant also argues that the policy goals of supervised release have already been met in his case, and that the interests of justice would be served by terminating his supervision now.

The Government (as well as the Court) commends Defendant on, inter alia, his stable employment and charitable works, but notes that such behavior is the conduct expected of someone on supervised release, and is indicative of the salutary effect supervision has had upon Defendant. The Government argues that the history and characteristics of the Defendant, the need for specific deterrence, and the interest of justice each weigh strongly in favor of continued supervision. The Government also argues that Defendant has not demonstrated any "exceptional or extraordinary" circumstances which might be sufficient to justify early termination of supervised release.

This Court has discretion to terminate a term of supervised release, pursuant to Title 18, United States Code, Section 3583(e)(1). That section provides, in pertinent part:

> The Court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

Early termination of supervised release is a decision entrusted to the sound discretion of the District Court. Courts in various jurisdictions, including in the Third Circuit, have repeatedly held that "mere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination." United States v. Caruso, 241 F. Supp. 2d 466, 469 (D.N.J. 2003); see also United States v. Paterno, 2002 WL 1065682, at *3 (D.N.J. April 30, 2002) (unpublished) (Bassler, U.S.D.J.) ("Merely complying with the terms of his probation and abiding by the law are not in and of themselves sufficient to warrant early termination of probation; rather, this is simply what is expected of Defendant"). Most recently, the Third Circuit has held in a precedential opinion that a Court should "provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest

of justice." United States v. Melvin, ___ F.3d ___, 2020 WL 6108619, at *3 (3d Cir. Oct. 16, 2020).

In this Court's view, Defendant has not demonstrated that his conduct and the interest of justice would warrant early termination of the period of supervised release imposed by the sentencing Court.  Nor has he brought to the Court's attention any exceptional or extraordinary circumstances sufficient to justify such a revision of the sentencing Court's decision. That Defendant has been compliant on supervised release, while laudable, is what is expected of him.  Additionally, as both the Government and Defendant himself noted, Defendant's current reporting requirements are minimal, and therefore not so onerous that he cannot see them through to their scheduled end in 2021.

Considering the § 3553 factors and the interest of justice, this Court finds that the Defendant shall remain on supervised release.  Continuing Defendant on supervised release "promotes respect for the law" and has "a very valuable deterrent" effect on defendants, thereby protecting the public.  United States v. Westberry, 2017 WL 3411865, at *2 (3d Cir. Aug. 9, 2017) (non-precedential).

Accordingly, the Court denies Defendant's motion.

Dated: October 22, 2020                s/Renée Marie Bumb
                                       RENÉE MARIE BUMB
                                       United States District Judge